1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11   KAHIR B. HELO,                                    )   Case No.: 1:14-cv-01522 - --- - JLT
                                                       )
12                    Plaintiff,                       )   ORDER GRANTING PLAINTIFF'S MOTION TO
                                                       )   PROCEED IN FORMA PAUPERIS AND
13          v.                                         )   DISMISSING THE COMPLAINT WITH LEAVE
                                                       )   TO AMEND
14   BANK OF AMERICA SERVICING                         )
     COMPANY, et al.,                                  )
15                                                     )
                      Defendants.                      )
16   _____         )

17

18          Plaintiff Kahir Helo initiated this action by filing a complaint against Bank of America

19   Servicing Company and Nation Star Mortgage, asserting the companies are liable for misrepresentation

20   and for utilizing foreclosure procedures that violated of California's Homeowner Bill of Rights.  For

21   the following reasons, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.  However,

22   because Plaintiff fails to allege facts sufficient to support his claims for relief, his complaint is

23   **DISMISSED** with leave to amend.

24   **I.      Motion to Proceed In Forma Pauperis**

25          As a general rule, all parties instituting any civil action, suit or proceeding in a United States

26   District Court must pay a filing fee.  28 U.S.C. § 1914(a).  However, the Court may authorize the

27   commencement of an action "without prepayment of fees and costs of security therefor, by a person

28   who submits an affidavit that . . . the person is unable to pay such fees or give security therefor."   28

1

U.S.C. § 1915(a)(1).  Therefore, an action may proceed despite a failure to prepay the filing fee only if leave to proceed *in forma pauperis* ("IFP") is granted by the Court.  *See Rodriguez v. Cook*, 169 F.3d 1178, 1177 (9th Cir. 1999).  The Court has reviewed the application and finds Plaintiff satisfies the requirements of 28 U.S.C. § 1915(a).  Therefore, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

## II.    Screening Requirement

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss it at any time if the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. 1915(e)(2).  A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III.    Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a).  The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner.  *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Further, a plaintiff must identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted).

Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 556 U.S. at 679 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)). However, leave to amend a complaint may be granted to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## IV.     Factual Allegations

Plaintiff alleges he is the owner of a real property located in Kyle, Texas, commonly referred to as 161 Goldenrod Street. (Doc. 1 at 2, ¶ 5.) He asserts that he began negotiating a loan modification agreement with defendant Bank of America in July 2013, and sent documents requested by a representative to Bank of America on July 5, 2013. (*Id.* at 3, ¶ 9.) Plaintiff asserts he did not receive any response from Bank of America, and contacted the company about the status of his application. (*Id.*, ¶ 10.) Bank of America informed Plaintiff "that only two of the sixteen documents he had sent were received," and Plaintiff re-sent the documents on July 21, 2013. (*Id.*, ¶¶ 10-11.) Bank of America told Plaintiff the documents were received, and "advised [him] that it would take ninety days to process his application and have a decision on his loan modification." (*Id.* at 4, ¶ 12.) However, Bank of America "transferred his mortgage servicing to . . . Nation Star Mortgage Company without notifying

1   Plaintiff." (*Id.*, ¶ 12, emphasis omitted.)

2        According to Plaintiff, he "never heard anything further about his application for a loan

3   modification," and Nation Star "refused to accept the payments sent by Plaintiff, and kept returning

4   them, without explanation." (Doc. 1 at 4, ¶¶ 13-14.)  Plaintiff contacted Nation Star and began "a new

5   application process for a loan modification." (*Id.*, ¶ 15.)  He "submitted all the documents requested

6   … on or about June 2, 2014, but was advised by [an employee named] 'Luis' that, again, his

7   documents 'had not been received' by Nation Star." (*Id.*, ¶ 16.)  Plaintiff alleges he re-submitted the

8   necessary documents on July 1, 2014, but was informed that "the documents had only been 'partially'

9   received" on July 14, 2014. (*Id.*, ¶ 18.)  Nation Star set a Trustee's Sale for the property on August 4,

10   2014. (*Id.* at 4-5, ¶ 18.)

11        Based upon these facts, Plaintiff states the following claims for relief: (1) failure to provide

12   Plaintiff with a written determination regarding his eligibility for a requested loan modification in

13   violation of Cal. Civ. Code § 2924.18, (2) recording a Notice of Default in violation of Cal. Civ. Code

14   § 2923.55, (3) intentional misrepresentation, (4) negligent misrepresentation, and (5) violations of Cal.

15   Civ. Code § 2937.

16   **V.**    **Discussion and Analysis**

17        **A.**    **Claims arising under California's Homeowner Bill of Rights**

18        As an initial matter, Plaintiff raises only claims arising under California law against the

19   defendants for actions related to property located in Texas.  However, there are no factual allegations

20   supporting a determination that the defendants were subject to the requirements of California's

21   Homeowner Bill of Rights identified by Plaintiff.

22        The Homeowner Bill of Rights, which took effect January 1, 2013, reformed aspects of the

23   state's nonjudicial foreclosure process by amending the California Civil Code to prohibit deceptive and

24   abusive home foreclosure practices. *See Flores v. Nationstar Mortgage LLC*, 2014 WL 304766, at *3

25   (C.D. Cal. Jan. 6, 2014).  Before these amendments, California Civil Code "merely express[ed] the

26   hope that lenders will offer loan modifications on certain terms." *Mabry v. Superior Court*, 185 Cal.

27   App. 4th 208, 222 (2010).  In enacting the Homeowner Bill of Rights, the Legislature declared:

28

(a) California is still reeling from the economic impacts of a wave of residential property foreclosures that began in 2007.  From 2007 to 2011 alone, there were over 900,000 completed foreclosure sales.  In 2011, 38 of the top 100 hardest hit ZIP Codes in the nation were in California, and the current wave of foreclosures continues apace. All of this foreclosure activity has adversely affected property values and resulted in less money for schools, public safety, and other public services. In addition, according to the Urban Institute, every foreclosure imposes significant costs on local governments, including an estimated nineteen thousand two hundred twenty-nine dollars ($19,229) in local government costs. And the foreclosure crisis is not over; there remain more than two million "underwater" mortgages in California.

(b) It is essential to the economic health of this state to mitigate the negative effects on the state and local economies and the housing market that are the result of continued foreclosures by modifying the foreclosure process to ensure that borrowers who may qualify for a foreclosure alternative are considered for, and have a meaningful opportunity to obtain, available loss mitigation options. These changes to the state's foreclosure process are essential to ensure that the current crisis is not worsened by unnecessarily adding foreclosed properties to the market when an alternative to foreclosure may be available. Avoiding foreclosure, where possible, will help stabilize the state's housing market and avoid the substantial, corresponding negative effects of foreclosures on families, communities, and the state and local economy.

(c) This act is necessary to provide stability to California's statewide and regional economies and housing market by facilitating opportunities for borrowers to pursue loss mitigation options.

Cal. Senate Bill No. 900, Ch. 87.  Thus, from a plain reading of the Senate Bill, the Homeowner Bill of Rights is only applicable to property located in the state of California, and non-judicial foreclosures that take place in the state of California.

Because the property is in Texas, it does not appear the defendants were required to comply with the requirements of California's Homeowner Bill of Rights.  Further, Plaintiff does not allege any facts regarding where Notice of Trustee's Sale was recorded or where the non-foreclosure sale occurred for the property.  Accordingly, Plaintiff's first, second, and fifth claims for relief for violations of California Civil Code §§ 2924.18, 2923.55, and § 2937 are **DISMISSED.**

**B.      Intentional Misrepresentation**

Plaintiff asserts Defendants are liable for intentional misrepresentation because "employees acting at their discretion, made representations and promises about material facts without any intention of performing them."  (Doc. 1 at ¶ 29.)  "Under California law, the elements for an intentional-misrepresentation, or actual-fraud, claim are (1) misrepresentation; (2) knowledge of falsity; (3) intent

1  to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage."[1] *UMG Recording,*

2  *Inc. v. Bertelsmann AG*, 479 F.3d 1078, 1096 (9th Cir.2007).

3          To state a cognizable claim for intentional misrepresentation, a plaintiff must meet the

4  heightened pleading standards of Rule 9 of the Federal Rules of Civil Procedure, which requires a

5  plaintiff to state "with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  In other

6  words, the plaintiff must articulate the "who, what, when, where, and how" of the fraud alleged.

7  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009); *see also Edwards v. Marin Park, Inc.*,

8  356 F.3d 1058, 1066 (9th Cir. 2004) (explaining that to avoid dismissal for failure to meet the standards

9  under Rule 9(b), "[a] complaint would need to state the time, place, and specific content of the false

10 representations as well as the identities of the parties to the misrepresentation").  If allegations of fraud

11 do not meet the heightened pleading standard, the "averments . . . should be disregarded, or stripped

12 from the claim for failure to satisfy Rule 9(b)." *Kearns*, 567 F.3d at 1124 (quotations omitted).

13         "For corporate defendants, a plaintiff must allege the names of the persons who made the

14 allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or

15 wrote, and when it was said or written." *Flowers v. Wells Fargo Bank, N.A.*, 2011 WL 2748650, at *6

16 (N.D. Cal. July 13, 2011).  Here, although Plaintiff identifies the individuals to whom he spoke

17 regarding his loan applications, Plaintiff does not allege their authority to speak on behalf of Bank of

18 America or Nation Star, or what specific representations that were made to Plaintiff regarding the status

19 of his loan modification application, or facts supporting a finding that the representative knew the

20 statements were false.  Without further factual allegations, the Court is unable to find that Plaintiff

21 meets the heightened pleading requirements under Rule 9 for a claim sounding in fraud. Consequently,

22 Plaintiff's claim for intentional misrepresentation is **DISMISSED** with leave to amend.

23    **C.    Negligent misrepresentation**

24         The elements of a cause of action for negligent misrepresentation are the same as those of a

25 claim for fraud, except "negligent misrepresentation does not require scienter or intent to defraud."

26 *Small v. Fritz Companies, Inc.*, 30 Cal. 4th 167, 173 (2003).  Thus, to state a cognizable claim for

27

28 _____
[1] Plaintiff fails to allege whether the loan modification application contained a choice of law provision.  Thus, it is unknown whether the laws of California or Texas apply.

6

negligent misrepresentation, a plaintiff must allege "a misrepresentation of fact by a person who has no reasonable grounds for believing it to be true." *Chapman v. Skype Inc.*, 220 Cal.App.4th 217, 230-31 (2013).  Like a claim for intentional misrepresentation, a claim for "negligent misrepresentation must meet Rule 9(b)'s particularity requirements."  *Neilson v. Union Bank of Cal.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003); *Das v. WMC Mortg. Corp.*, 831 F. Supp. 2d 1147, 1166 (N.D. Cal. 2011).

Here, Plaintiff fails to allege who made representations to him regarding his loan modification application, or that the individual(s) knew the representation was untrue.  Further, it appears that any representations made by Bank of America and Nation Star representatives were related to future events related to the processing of Plaintiff's application.  Importantly, "predictions as to future events, or statements as to future action by some third party, are deemed opinions, and not actionable fraud." *Tarmann v. State Farm Mutual Auto. Ins. Co.*, 2 Cal. App. 4th 153, 158 (1991) (citation omitted). Nevertheless, Plaintiff fails to allege sufficient facts to support a claim for negligent misrepresentation, and his fourth claim for relief is **DISMISSED** with leave to amend.

## VI.     Conclusion and Order

Plaintiff has not alleged facts to support his claims.  However, the Court will provide Plaintiff with **<u>one</u>** opportunity to file an amended complaint that sets forth facts sufficient to support his claims. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  The amended complaint must reference the docket number of assigned to this case and must be labeled "First Amended Complaint."

Plaintiff is advised that an amended complaint supersedes the original complaint.  *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.  Thus, once Plaintiff files an amended complaint, Plaintiff's original complaint will not serve any function in the case.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  *King*, 814 F.2d at 567 (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord. Forsyth*, 114 F.3d at 1474.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1.     Plaintiff's motion to proceed in forma pauperis is **GRANTED**;

7

2.      Plaintiff's complaint is **DISMISSED WITH LEAVE TO AMEND**;

3.      Within 21 days from the date of service of this order, Plaintiff **SHALL** file an amended complaint curing the deficiencies identified by the Court in this order; and

4.      **If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order.**

IT IS SO ORDERED.

Dated:   **November 24, 2014**                    **/s/ Jennifer L. Thurston**
                                                                        UNITED STATES MAGISTRATE JUDGE