UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAHIR B. HELO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BANK OF AMERICA SERVICING COMPANY, et al.,<br><br>　　　　Defendants. | Case No.: 1:14-cv-01522 - --- - JLT<br><br>ORDER DIRECTING THE CLERK TO ASSIGN A UNITED STATES DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO OBEY THE COURT'S ORDERS |

　　　　Plaintiff Kahir Helo initiated this action by filing a complaint against Bank of America Servicing Company and Nation Star Mortgage on September 29, 2014, asserting the companies are liable for misrepresentation and for utilizing foreclosure procedures that violated of California's Homeowner Bill of Rights. (Doc. 1.) Because Plaintiff has failed to comply with the Court's orders and failed prosecute this action, the Court recommends the action be **DISMISSED**.

**I.　　Procedural History**

　　　　On November 25, 2014, the Court screened Plaintiff's complaint for cognizable claims pursuant to 28 U.S.C. 1915(e)(2). The Court found Plaintiff failed to allege facts sufficient to support his claims, and dismissed the complaint with leave to amend. (Doc. 4.) Plaintiff was ordered to file an amended complaint within twenty-one days of the date of service, and was warned that if he failed to comply with the order, "the action will be dismissed for failure to obey a court order." (*Id.* at 8, emphasis

omitted.) However, Plaintiff failed to file an amended complaint as ordered by the Court.

On December 23, 2014, the Court ordered Plaintiff "to show cause within 14 days of the date of service of this Order why the action should not be dismissed for his failure to prosecute and failure comply with the Court's order or, in the alternative, to file an amended complaint." (Doc. 5 at 2.) In addition, the Court warned Plaintiff that the case may be dismissed for the failure to comply with the Court's order. (*Id.*) To date, Plaintiff has failed to comply with or respond to the Court's orders.

## II.     Failure to Prosecute and Obey the Court's Orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based upon a party's failure to obey a court order, failure to prosecute an action, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order).

## III.    Discussion and Analysis

To determine whether to dismiss an action for failure to prosecute, failure to obey a court order, or failure to comply with the Local Rules, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in

managing their dockets without being subject to noncompliant litigants).  The risk of prejudice to the defendant also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  Notably, Plaintiff has failed to provide evidence the defendant has been served with this action, in spite of the necessity of service before the case may proceed.

In the Screening Order, the Court warned Plaintiff that if he failed to comply with the order, "**the action will be dismissed for failure to obey a court order**."  (Doc. 4 at 8, emphasis in original.)  In addition, in the Order to Show Cause, the Court warned Plaintiff that it "may dismiss an action with prejudice, based upon a party's failure to prosecute an action or failure to obey a court order . . ."  (Doc. 5 at 2).  Thus, Plaintiff had adequate warnings that dismissal would result from noncompliance with the Court's orders, and the failure to prosecute the action.  The Court's warnings to Plaintiff that failure to comply with the orders would result in dismissal satisfy the requirement that the Court consider less drastic measures.  *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424.  Given these facts, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

## IV.     Order

Good cause appearing, the Clerk of Court is DIRECTED to assign a United States District Judge to this action.

## V.     Findings and Recommendations

Plaintiff has failed to prosecute this action and failed to comply with the Court's orders dated November 25, 2014 (Doc. 4) and December 23, 2014 (Doc. 5).

Accordingly, **IT IS HEREBY RECOMMENDED**: This action be **DISMISSED WITHOUT PREJUDICE**.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 12, 2015**              /s/ Jennifer L. Thurston
                                                      UNITED STATES MAGISTRATE JUDGE