UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAHIR B. HELO,<br><br>    Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA SERVICING COMPANY, et al.,<br><br>    Defendants. | Case No.: 1:14-cv-01522 - LJO - JLT<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND |

    Plaintiff Kahir Helo initiated this action by filing a complaint against Bank of America Servicing Company and Nationstar Mortgage, asserting the companies are liable for misrepresentation and foreclosure procedures that violated of California's Business and Professions Code. Because Plaintiff fails to allege facts sufficient to support his claims for relief, and it appears leave to amend would be futile, the Court recommends that Plaintiff's First Amended Complaint be **DISMISSED** without leave to amend.

**I.    Screening Requirement**

    When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). A

claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## II.     Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Further, a plaintiff must identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 679 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)). However, leave to amend a complaint may be granted to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### III. Factual Allegations

Plaintiff alleges he is the owner of a real property located in Kyle, Texas, commonly referred to as 161 Goldenrod Street. (Doc. 7 at 2, ¶ 5) He asserts that he began negotiating a loan modification agreement with defendant Bank of America in July 2013, and sent documents requested by a representative to Bank of America on July 5, 2013. (*Id.* at 3, ¶¶ 8-9) Plaintiff asserts he did not receive any response from Bank of America, and contacted the company about the status of his application. (*Id.*, ¶ 11) Bank of America informed Plaintiff "that only two documents had been received by them, of the 13 documents set [sic] by Plaintiff[], so nothing had been done," and Plaintiff re-sent the documents on July 21, 2013. (*Id.* at 4, ¶ 12) Bank of America told Plaintiff the documents were received, and informed Plaintiff "it would take at least 90 days" to process his application and for a decision to be made on his application for a loan modification. (*Id.*, ¶¶ 13-14) However, Bank of America transferred his mortgage servicing to Nationstar Mortgage Company without notifying Plaintiff. (*Id.*, ¶ 15-16)

According to Plaintiff, Bank of America did not transfer his application for a loan modification or the supporting documents Nationstar. (Doc. 7 at 4, ¶ 16) Plaintiff asserts he submitted payments on this mortgage to Nationstar, "but the payments were refused by it, making Plaintiff's mortgage delinquent." (*Id.*, ¶ 17) Plaintiff contacted Nationstar and began "a new application process for a loan modification." (*Id.* at 5, ¶ 18) He reports that he submitted the requested documents, but on June 2, 2014, Plaintiff was advised by an employee named Luis that his documents 'had not been received' by Nationstar." (*Id.*, ¶ 19) Plaintiff alleges he re-submitted the necessary documents on July 1, 2014, but was informed that "the documents had only been 'partially' received" on July 14, 2014. (*Id.*, ¶ 20) Nationstar set a Trustee's Sale for the property on August 4, 2014. (*Id*, ¶ 21)

Based upon these facts, Plaintiff states the following claims for relief: (1) violations of California's Business and Professions Code § 17200 *et seq.*, (2) intentional misrepresentation, and (3) negligent misrepresentation.

**IV.    Discussion and Analysis**

As an initial matter, Plaintiff raises only claims arising under California law against the defendants for actions related to property located in Texas.  However, Plaintiff fails to allege whether the loan modification application contained a choice of law provision. Thus, it is unknown whether the laws of California or Texas apply.  Nevertheless, the Court will apply California law based upon the causes of action identified by Plaintiff in his First Amended Complaint.

**A.    Intentional Misrepresentation**

Plaintiff asserts Defendants are liable for intentional misrepresentation because "employees acting at their discretion, made representations and promises about material facts without any intention of performing them."  (Doc. 7 at ¶ 26)  "Under California law, the elements for an intentional-misrepresentation, or actual-fraud, claim are (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." *UMG Recording, Inc. v. Bertelsmann AG*, 479 F.3d 1078, 1096 (9th Cir.2007).

To state a cognizable claim for intentional misrepresentation, a plaintiff must meet the heightened pleading standards of Rule 9 of the Federal Rules of Civil Procedure, which requires a plaintiff to state "with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  In other words, the plaintiff must articulate the "who, what, when, where, and how" of the fraud alleged. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009); *see also Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004) (explaining that to avoid dismissal for failure to meet the standards under Rule 9(b), "[a] complaint would need to state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation").  If allegations of fraud do not meet the heightened pleading standard, the "averments . . . should be disregarded, or stripped from the claim for failure to satisfy Rule 9(b)." *Kearns*, 567 F.3d at 1124 (quotations omitted).

"For corporate defendants, a plaintiff must allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or

4

wrote, and when it was said or written." *Flowers v. Wells Fargo Bank, N.A.*, 2011 WL 2748650, at *6 (N.D. Cal. July 13, 2011). Here, though Plaintiff identifies the individuals to whom he spoke regarding his loan applications, Plaintiff fails to allege their authority to speak on behalf of Bank of America or Nationstar. In addition, Plaintiff fails to identify any specific representations that were made to Plaintiff regarding the status of his loan modification application, or facts supporting a finding that the representatives knew the statements were false. The Court informed Plaintiff previously that without such factual allegations, his factual allegations failed to meet the heightened pleading requirements under Rule 9 for a claim sounding in fraud. (*See* Doc. 4 at 6) Nevertheless, Plaintiff has failed to allege further facts to support his claim. Consequently, the Court finds further leave to amend would be futile, and recommends that Plaintiff's intentional misrepresentation be **DISMISSED** without leave to amend.

### B. Negligent misrepresentation

The elements of a cause of action for negligent misrepresentation are the same as those of a claim for fraud, except "negligent misrepresentation does not require scienter or intent to defraud." *Small v. Fritz Companies, Inc.*, 30 Cal. 4th 167, 173 (2003). Thus, to state a cognizable claim for negligent misrepresentation, a plaintiff must allege "a misrepresentation of fact by a person who has no reasonable grounds for believing it to be true." *Chapman v. Skype Inc.*, 220 Cal.App.4th 217, 230-31 (2013). Like a claim for intentional misrepresentation, a claim for "negligent misrepresentation must meet Rule 9(b)'s particularity requirements." *Neilson v. Union Bank of Cal.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003); *Das v. WMC Mortg. Corp.*, 831 F. Supp. 2d 1147, 1166 (N.D. Cal. 2011).

Here, Plaintiff again fails to allege who made representations to him regarding his loan modification application, or that the individual(s) knew the representation was untrue. Further, it appears that any representations made by Bank of America and Nationstar employees were related to future events related to the processing of Plaintiff's application. Importantly, "predictions as to future events, or statements as to future action by some third party, are deemed opinions, and not actionable fraud." *Tarmann v. State Farm Mutual Auto. Ins. Co.*, 2 Cal. App. 4th 153, 158 (1991) (citation omitted). Because Plaintiff again fails to allege sufficient facts to support a claim for negligent misrepresentation, the Court finds granting leave to amend would be futile, and recommends Plaintiff's

5

1. claim for negligent misrepresentation be **DISMISSED** without leave to amend.

### C.     Violation of California Business and Professions Code § 17200

California prohibitis any "unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.  Therefore, there are three prongs under which a claim may be established under §17200.  *Daro v. Superior Court*, 151 Cal.App.4th 1079, 1093 (2007) ("Because section 17200 is written in the disjunctive, a business act or practice need only meet one of the three criteria—unlawful, unfair, *or* fraudulent—to be considered unfair competition"); *Lozano v. AT&T Wireless Servs.*, 504 F.3d 718, 731 (9th Cir. 2007) ("[e]ach prong . . . is a separate and distinct theory of liability").

#### 1.     Unlawful act or practice

Actions prohibited by § 17200 include "any practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." *Saunders v. Superior Court*, 27 Cal.App.4th 832, 838-39, 33 Cal.Rptr.2d 438 (1994).  Thus, the "unlawful" prong requires an underlying violation of law.  *Krantz v. BT Visual Images*, 89 Cal.App.4th 164, 178, 107 Cal.Rptr.2d 209 (2001).  Here, as detailed above, Plaintiff has not alleged facts sufficient to support a finding that Defendants violated underlying laws.

#### 2.     Unfair act or practice

A claim under the "unfair" prong requires "conduct threatening incipient violation of antitrust laws, or violates the policy or spirit of those laws . . . , or otherwise significantly threatens or harms competition." *Cal-Tech Communications v, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 187, 83 Cal.Rptr.2d 548, 973 P.2d 527 (1999).  In this case, Plaintiff has neither alleged a violation of antitrust laws, nor alleged threatened or harmed competition.

#### 3.     Fraudulent act or practice

A "fraudulent" act under § 17200 is "one which is likely to deceive the public," and "may be based on misrepresentations . . . which are untrue, and also those which may be accurate on some level, but will nonetheless tend to mislead or deceive." *McKell v. Washington Mutual, Inc.*, 142 Cal.App.4th 1457, 1474, 49 Cal.Rptr.3d 227 (2006).  Thus, the term "fraudulent" under §17200 "does not refer to the common law tort of fraud," *Puentes v. Wells Fargo Home Mortg., Inc.*, 160 Cal.App.4th 638, 645 (Ct. App. 2008), but still requires allegations that the misrepresentation was directly related to injurious

conduct, and that the claimant actually relied on the alleged misrepresentation. *In re Tobacco II Cases*, 46 Cal.4th 298, 36-27 (2009). Nevertheless, claims based upon the "fraudulent" prong of §17200 remain subject to the heightened pleading requirements of Rule 9(b). *Kearns*, 567 F.3d at 1124-25; *Meridian Project Sys.*, 404 F.Supp.2d at 1219. Because Plaintiff failed to plead the circumstances surrounding fraud with particularity, his claim for fraudulent practices under § 17200 fails as well.

### 4. Conclusion

Significantly, a claim under § 17200 must rest on a violation of another law. *Farmers Ins. Exch. v. Superior Court*, 2 Cal.4th 377, 383, 6 Cal.Rptr.2d 487, 826 P.2d 730 (1992). As discussed above, Plaintiff fails to allege facts to support his claims of intentional and negligent misrepresentation. In addition, he has not alleged facts sufficient to support a claim that Bank of America and Nationstar may be held liable for violations arising under § 17200. Accordingly, the Court recommends this claim be **DISMISSED** without leave to amend.

### V. Findings and Recommendations

Previously, the Court granted Plaintiff an opportunity to file an amended complaint that set forth facts sufficient to support his claims. (Doc. 4 at 7, citing *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987)) However, Plaintiff failed to allege additional facts. Consequently, the Court finds Plaintiff is unable to allege facts sufficient to support his claims against Bank of America and Nationstar, and that further leave to amend would be futile. *See Lopez*, 203 F.3d at 1127-28 (leave to amend is not futile when the deficiencies may be cured).

Based upon the foregoing, **IT IS HEREBY RECOMMENDED**:

1. Plaintiff's First Amended Complaint be **DISMISSED without leave to amend**
2. The Clerk of Court be DIRECTED to close this matter.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **August 6, 2015**                              **/s/ Jennifer L. Thurston**
                                                                     UNITED STATES MAGISTRATE JUDGE